## DÍAZ ET AL. *v.* WAYMOUTH.

APPEAL from the District Court of San Juan.    First Section.

No. 163.—Decided December 16, 1907.

DOMINION TITLE—NATURE OF PROCEEDING—QUESTION OF OWNERSHIP—DECISION
    WHICH MUST BE RENDERED.—In the final decision in a proceeding to obtain
    dominion title the court, after examining and considering the allegations and
    the evidence, must confine its decision to a declaration as to whether or not
    the petitioner has proved his ownership of the proprty sought to be recorded,
    but should make no declaration in regard to the ownership which other parties
    may have in the same property, because the object of the proceedings is only
    to prove the ownership of the petitioner.
ID.—THIRD PARTIES IN INTEREST.—In this class of proceedings, third parties in
    interest cannot demand that a decleration of ownership be made in their favor,
    for which an ordinary action, in which the parties may fully ventilate the
    matters concerning their rights in accordance with the form and procedure
    established by the Law of Procedure, is necessary.
ID.—In the case at bar, the opposing party in contesting the proceedings confined
    his allegations to a specific parcel of land which he maintained formed no
    part of the property of petitioner, but that it did form part of another
    property adjoining petitioner's and his own property; the judgment appealed
    from held that the petitioner had not shown his ownership of the property
    involved in the proceedings and that the parcel of land referred to belonged
    to that property.
        On appeal it was held:
        (*a*) That the decision does not follow the petition of the opposing party
    who only sought to have the proceedings dismissed, and did not pray for any
    declaration of ownership in his favor with respect to the said parcel of land.
        (*b*) That the decision likewise fails to follow the petition in holding that
    the said parcel belonged to the property involved in the proceedings, because
    the object of this proceeding is not to determine whether the said land formed

a part of that property, but only to show the ownership of the petitioner of all of the property, including the parcel of land in question.

(c) That the decision is inconsistent in that it dismisses the prayers of the opposition and at the same time holds that the petitioner has not shown his ownership, and therefore dismisses his application, which in fact sustains the petition of the opposing party.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. de la Torre* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On September 19, 1906, Alejandrina Díaz y Valldejuli, Ramón Emeterio Delgado y Hernández, and Mercedes Valldejuli y Díaz, through their counsel, Francisco de la Torre y Garrido, instituted these proceedings in the District Court of San Juan for the purpose of establishing the ownership of a rural estate which they claimed to own and possess in the *barrio* of Hoyo Mulas, in the Municipal District of Carolina, as set forth in their petition, and because they had not written titles of ownership to have it recorded in the registry of property under the provisions of article 395 of the Mortgage Law in force.

The petitioners described the property in question in the initial petition in these proceedings, as follows:

"An estate known by the name of Santa Ana, situated in the *barrio* of Hoyo Mulas, Municipal District of Carolina, consisting of 138.71 *cuerdas,* equivalent to 54 hectares, 51 ares, and 85 centares; bounded on the north by lands belonging to the Estate of Manuel Y. Saldaña, the commons of the town of Carolina, and lands belonging to Clara Knight, the widow of Luis Acosta; on the east by the Río Grande de Loíza; on the south by the same river, and now also by lands belonging to Mr. Waymouth by reason of the channel of the river having been suddenly changed as a result of the cyclone of August 8, 1899; and on the west by lands of said Estate of Manuel Y. Saldaña. Said estate contains a frame dwelling house built of native wood, and it is crossed from north to south by the Carolina-Fajardo Road, which changes its direction within it from south to east."

Upon the publication of the notices calling upon any unknown persons, who might be prejudiced by the record sought, to appear within the term of 60 days and assert their rights, an adjoining owner, Thomas G. Y. Waymouth, appeared and opposed the declaration of ownership applied for by the petitioners, alleging as a ground of his opposition that if such ownership were declared in the manner requested by the petitioners, he would be deprived of a tract of land having an area of 16.5 *cuerdas,* more or less, which due to the effect of the natural current of the waters of the Río Grande de Loíza which divides his property from that of the petitioners, said river has been gradually segregating from the estate of the petitioners and adding it in the same manner to that of the opposing party, Waymouth, and not in the manner alleged by the petitioners, because it is not true that the section of the river which divides the two properties suddenly changed its course as a consequence of the memorable cyclone of August 8, 1899, as the petitioners say in their petition in describing the estate in question.

The evidence submitted by both parties having been heard, the Judge of the First Section of the District Court of San Juan rendered the following judgment on May 31, 1907, the adjudging portion of which reads as follows:

"And the court, taking into consideration the petition of the applicants, the opposition, the evidence and the written allegations of both parties, is of the opinion that the facts and the law are against the opposition of Thomas G. Y. Waymouth, and therefore that the strip of land of 16.16 *cuerdas* to the north of his estate described in his complaint as follows: 'Rural estate situated in the *barrio* of Cacao, district of Llano, municipal jurisdiction of the town of Carolina, within an area of 200 *cuerdas,* more or less; equivalent to 78 hectares, 60 ares, and 80 centares; formerly bounded on the north by the Río Grande de Loíza and now by lands belonging to José Esteben Saldaña; on the east by Trujillo Creek; on the south by lands belonging to Patricio Sosa; and on the west by lands belonging to María del Rosario Moralez and the Río Grande de Loíza,' which strip is located between said estate and the Río Grande de Loíza and does

not belong to the plaintiff either by accretion or otherwise, but is the property of the adjoining estate of Santa Ana because being segregated therefrom, the costs consequently being taxed against said plaintiff and the complaint in opposition being therefore dismissed. And, furthermore, as the petitioners have not established the ownership they allege of the Estate of Santa Ana of 138.71 *cuerdas*, described in the petition, such petition is dismissed, with permission to present it anew.

"Pronounced in open court this 31st day of May, 1907, in accordance with the opinion which has been attached to the record. Entered this 1st day of June, 1907. (Signed, Pedro de Aldrey, Judge of the First Section.)"

The opposing party, Waymouth, in due time took an appeal from that part of this judgment which holds that the strip of land of 16.16 *cuerdas* north of his estate, between it and the Río Grande de Loíza, does not belong to him by accretion or otherwise, but does belong to the adjoining Estate of Santa Ana as segregated therefrom, and dismisses his complaint with the costs; while the petitioner in the proceedings to establish ownership acquiesced in said judgment in every respect, not having taken any appeal therefrom whatsoever.

In the brief filed in this Supreme Court by counsel for the appellant he strongly attacks the judgment appealed from as to the matters which are the subject of the appeal as not conforming to the purpose of proceedings of this character and to the claims of the parties thereto.

As a matter of fact, article 395 of the Mortgage Law of the Island authorizes owners having no written title of ownership to record their right upon establishing it in the manner prescribed in said article—that is to say, by summoning the persons from whom the property originated, and any others who might be prejudiced by the record sought—to appear and make their objections and present their evidence within the term which may be granted them for the purpose, which, under said article, was formerly of 180 days, but was later reduced to 60 days by General Order of April 4, 1899, and upon the

expiration of such period, as provided by the third paragraph of said article, the judge would hear the written objections and evidence which might be presented, the *fiscal,* and any other persons who may have attended the hearing, and in view of their allegations and weighing the evidence in an impartial manner "would declare whether the ownership of the property in question has or has not been established."

Now then, the Judge of the First Section of the District Court of San Juan, in conformity with this provision of the law held in the last part of his judgment, that the petitioners had not established their alleged ownership of the Santa Ana Estate as to the entire area of 138.71 *cuerdas,* as described in their petition, for which reason he dismissed it, permitting them, nevertheless, to present it anew; but as it holds at the same time that the 16 and a fraction *cuerdas* of land referred to in the oppostion of Waymouth do not belong to the latter by accretion or otherwise and that they are the property of the adjoining Estate of Santa Ana as segregated therefrom, we understand that such declarations of ownership are entirely superfluous in the adjudging portion of a judgment, because, in accordance with the provisions of said article of the Mortgage Law, the final declaration in proceedings of this character must be confined to a declaration by the judge, after his examination of the allegations of the parties and the classification of the evidence submitted in an impartial manner, of whether the petitioners have established their ownership to the property they seek to have recorded or not, but not with relation to the ownership which other persons might have in said property, because such is not the purpose of proceedings to establish ownership, in which proceedings the mission of the judge is confined to hearing the allegations and the evidence of those who may have appeared in the proceedings in order to definitely decide whether or not the petitioners in the proceedings have established their ownership to the property they seek to have recorded. This and this only can the judge

decide in proceedings of this character; to do otherwise would be to pervert the real nature of proceedings of this character in which third persons interested cannot seek declarations of ownership in their favor, for which purpose an ordinary action is the proper remedy in which the parties controvert their rights at length, in accordance with the formalities and the procedure established in the Law of Civil Procedure in force.

This, apart from the discrepancy observed between the decision of the judge and the petition of Waymouth, who confined himself to a prayer for the dismissal of the proceedings, and that it be held that the petitioners had not established their ownership to the entire Estate of Santa Ana and, consequently, that their petition should be dismissed with the costs.

If, not withstanding this, the judge holds that the 16 and a fraction *cuerdas* of land situated in the north of the Estate of Waymouth, between the latter and the river, do not belong to him by accretion or otherwise, and that they do belong to the Estate of Santa Ana, as the judgment says, we find a lack of connection in the decision of a point not included in the complaint in opposition of Waymouth, which did not contain any prayer whatsoever to have said tract of land declared to be his property.

Nor does it appear proper for the judge to have held that said strip of land " belonged to the Estate of Santa Ana," when the purpose of these proceedings is not to ascertain whether said land forms part of said estate or not, which is surely what the judge wished to express when he said "belonged to the Estate of Santa Ana," but merely to ascertain whether or not the petitioners had established the ownership of the estate in question within the area of which the 16 *cuerdas* referred to are included; and this the judge holds they have not established, for which reason he dismisses their petition reserving their right to present it anew.

Finally, the appellant affirms, and also we believe rightly, that there is an apparent contradiction between the dismissal of the objection of Waymouth in the judgment, with the costs, when in the next line the judge holds that the petitioners have not established their alleged ownership to the Estate of Santa Ana, on which ground he dismisses their petition, which was exactly what Waymouth had prayed for in his complaint in opposition in these proceedings.

The judgment contains a contradiction in this respect which, in our opinion, is sufficient to void it.

For all these reasons this court holds that the judgment appealed from should be reversed with respect to the points the subject of the appeal taken by Waymouth, and that it should be affirmed with respect to the other points from which no appeal has been taken by either of the parties, without any special taxation of costs.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.